IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

**IN THE MATTER OF: ALLAN RUSSELL BURKE V. MAUREEN JO BURKE**

Chancery Court for Williamson County

_____

No. M2000-01111-COA-R3-CV - Filed January 8, 2002

_____

**ORDER TO AMEND OPINION**

This Court now amends its previous Opinion in the above styled case with respect to the following issues: (1) the date of Mr. Burke's summer visitation; (2) the Judgment shall be amended to include a statement of standard parenting orders pursuant to T.C.A. 36-6-101(a)(3); and (3) the assessment of costs for appeal.

This Court concludes that the dates of the father's summer visitation shall be modified to accommodate the children's school schedules, such that he shall begin his time with the children on the first Sunday in June and the children will return to their mother's home after the second Sunday in August.

This Court also concludes that the Judgment should be modified to include a statement of standard parenting orders pursuant to T.C.A. 36-6-101(a)(3), including the following language:

T.C.A. **Standard Parenting Orders**. Pursuant to *Tennessee Code Annotated*, §36-6-101(a) both parents are entitled to the following rights:

1.  unimpeded telephone conversations with the child at least twice each week at reasonable times and for a reasonable duration;

2.  sending mail to the child which the custodial parent will not open and will not censor;

3.  receiving notice and relevant information as soon as practical (but not more than 24 hours) in the event of hospitalization, major illness, or death of the child;

4.  receiving directly from the school, copies of the child's report cards, attendance records, teacher's names, class schedules, standardized test scores, and other records which are customarily made available to parents. A written

request must be made to the school with a current mailing address and payment must be made for the reasonable cost of duplicating and mailing these records;

5. receiving, directly from the child's physician and other health care providers, copies of the child's medical records. A written request must be made to the health care provider with a current mailing address and payment must be made for the reasonable cost of duplicating and mailing these records;

6. to be free from derogatory remarks made about the non-custodial parent and his or her family by the custodial parent to the child or in the child's presence.

7. The right to be given at least forty-eight (48) hours notice, whenever possible, of all extra-curricular activities, and the opportunity to participate or observe, including, but not limited to, the following:
   1. school activities;
   2. athletic activities;
   3. church activities; and
   4. other activities as to which parental participation or observation would be appropriate.

5. The right to receive from the other parent, in the event the other parent leaves the state with the children for more than two (2) days, an itinerary including telephone numbers for use in the event of an emergency; and

6. The right of access and participation in educational including the right of access to the children for lunch and other activities, on the same basis that is provided to all parents, provided the participation or access is reasonable and does not interfere with day-to-day operations or with the children's educational performance.

Finally, the taxing of costs for appeal to Mr. Burke in the Judgment appears to be a clerical error. The Judgment should be modified to tax the costs for appeal equally between the parties in accordance with the Opinion.

_____

**DAVID FARMER, P.J.**

_____

**ALAN HIGHERS, J.**

_____

**DON ASH, S.J.**